UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEBRUIN CONSTRUCTION, INC.,<br><br>　　　　Defendant. | Case No.  12-cv-05477-JCS<br><br>**ORDER DENYING EX PARTE APPLICATION FOR SERVICE BY PUBLICATION**<br><br>Re: Dkt. No. 20 |

## I.   INTRODUCTION

The Board of Trustees, in their capacities as Trustees of the Laborers Health and Welfare Trust Fund for Northern California; Laborers Vacation-Holiday Trust Fund for Northern California; Laborers Pension Trust Fund for Northern California; and Laborers Training and Retraining Trust Fund for Northern California ("Plaintiffs") filed an ex parte application to serve the summons and complaint on Debruin Construction, Inc. ("Defendant") by publication ("Application"). For the reasons stated below, the Court DENIES the Application without prejudice.

## II.   LEGAL STANDARD

Plaintiff seeks permission to serve Defendant by publication rather than by other means such as personal service. The Federal Rules of Civil Procedure provide that service upon an individual defendant may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located or in which service is effected. *See* Fed. R. Civ. P. 4(e)(1). This Court is located in California and Plaintiffs seek to effect service in this state. Service by publication is permissible under California law in certain circumstances:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . .
> (1) A cause of action exists against the party upon whom service is to be made or he or she is necessary or proper party to the action.

Cal. Code Civ. Proc. § 415.50. Accordingly, the key inquiry for the Court is whether Defendant "cannot with reasonable diligence be served in another manner" pursuant to California law. *Id.*

To determine whether a plaintiff has exercised "reasonable diligence" for purposes of section 415.50(a), a court must examine the affidavit required by the statute to determine whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). "The term 'reasonable diligence' . . . denotes a thorough systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995). Because of due process concerns, service by publication must be allowed "only as a last resort." *Donel*, 87 Cal. App. 3d at 332. The chosen method must be "reasonably certain to inform those affected . . . or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950).

"Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts*, 10 Cal. 4th at 749 (internal citations omitted). That a plaintiff has taken one or a few reasonable steps does not necessarily mean that "all myriad of other avenues" have been properly exhausted to warrant service by publication. *Donel*, 87 Cal. App. 3d at 333. *See also AF Holdings LLC v. Pecadeso*, 3:12-CV-02404-SC JSC, 2013 WL 394190, at *1 (N.D. Cal. Jan. 30, 2013); *Duarte v. Freeland*, C-05-2780 EMC, 2008 WL 683427, at *2 (N.D. Cal. Mar. 7, 2008).

**III.   FACTS**

Here, Plaintiffs' counsel declares that attempts to effectuate service were made at the known business address of Defendant, as well as the last known residential address for Richard Debruin ("Debruin"), apparently the agent of, or an individual associated with, Defendant. *See*

Decl. of Daniel Brome in Supp. of Application ¶ 3 ("Brome Decl."). Counsel declares that he "requested that the process server perform a trace for [Debruin]" but no new address was located for Debruin or Defendant. *Id.* ¶ 4. Counsel also declares that Plaintiffs' "Field Agents have attempted to locate Defendant," and they have searched for forwarding address information, have contacted known associates, and have attempted to locate Mr. Debruin's truck and boat." *Id.* ¶ 6. The "Field Agents" have apparently not been able to locate Debruin or Defendant. *See id.*

Plaintiffs have also submitted two "Affidavit[s] of Reasonable Diligence" from Guy Robinson ("Robinson") and Sherry Shada ("Shada"), both of First Legal Support Services. *See* Dkt. Nos. 27-1, Ex. A at 2, 3. These affidavits describe Robinson and Shada's attempts to serve Defendant in this case. *See id.* According to Robinson's affidavit, he attempted service three times: (1) on November 8, 2012, Robinson reported that the business address for Defendant was a "bad address," per other tenants who apparently told him that Defendant or its agent moved out about one month prior, and there was no known forwarding information; (2) on November 14, 2012, Robinson reported that the home address for Debruin was "vacant empty residence;" and (3) on November 26, 2012, Robinson reported that the documents were "Returned Not Served on: [Defendant]" at the business address. *See id.* at 2.

According to Shada's affidavit, she attempted service four times: (1) on October 29, 2012, Shada reported that there was "no answer at the door, no vehicles, only porch light was on, quiet house" at Debruin's home address; (2) on October 30, 2012, Shada reported that there was "no answer at the door, some lights on, no vehicles" at the same address, and that she "tried neighbors and also got no answer at the door;" (3) on November 2, 2012, Shada reported that there was "no answer at the door, lights on inside, no activity seen" at the same address; and (4) on November 26, 2012, Shada reported that the documents were "Returned Not Served on: [Defendant]" at the same address. *See id.* at 3.

**IV.   ANALYSIS**

As a preliminary matter, Plaintiffs fail to explain how and why service on Debruin would constitute service on Defendant. Even assuming that service on Debruin would be sufficient to effect service on Defendant, Plaintiffs' submissions are insufficient to support service by

3

publication.

Although Plaintiffs have demonstrated that they have taken several reasonable steps to effect service on Defendant, Plaintiffs have failed to show that they "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *See Donel*, 87 Cal. App. 3d at 333. Plaintiff does not explain how or when the business address of Defendant or the home address of Debruin were obtained. Nothing in the record shows that Plaintiffs did anything to confirm that Defendant was actually located at the business address or that Debruin actually lived at the home address when service was attempted in October and November 2012.

Additionally, Plaintiffs apparently did not search any city or telephone directories for Defendant or Debruin's names. *See Watts*, 10 Cal. 4th at 749 n.5 (noting that "likely sources of information" that "must be searched before resorting to service by publication" include relatives, city and telephone directories, voter registries, and so forth); *AF Holdings*, 2013 WL 394190, at *2 (denying application for service by publication where, *inter alia*, plaintiff failed to search city or telephone directories); *Duarte*, 2008 WL 683427, at *2 (same).

Plaintiffs' explanation of the efforts of their "Field Agents" is also insufficient. Indeed, Plaintiffs do not even identify the "Field Agents" by name or company, nor do they explain what their qualifications are. *See* Brome Decl. ¶ 6. Further, counsel's declaration does not provide any details regarding how the Field Agents carried out their efforts to locate Defendant or Debruin's current addresses. *See id.* For example, there is no explanation of what types of sources were researched (*e.g.*, public, private, internet), nor when any of this research was done. *Cf. Duarte*, 2008 WL 683427, at *2 (denying application for service by publication even where, *inter alia*, plaintiffs identified dates and sources of their research).

Furthermore, Plaintiffs have apparently not attempted service since November 2012, and they do not provide any explanation for this lapse in attempts. *See id.* at *3 (denying application for service by publication where, *inter alia*, no attempts had been made for two years, and expressing concern about "passage of time"); *Thieme v. Cobb*, C 13-3827 MEJ, 2013 WL 6072090, at *4 (N.D. Cal. Nov. 18, 2013) (denying application for service by publication where, *inter alia*, no attempts had been made within six months).

4

Finally, Plaintiffs have not demonstrated that Defendant "cannot with reasonable diligence be served in another manner specified in [Chapter 4, Article 3 of the California Code of Civil Procedure]." Cal. Code Civ. Proc. § 415.50(a). For example, Plaintiffs have not demonstrated that service cannot be made by substitute service, *see id.* § 415.20, or service by mail, *see id.* § 415.30.

## V. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' Application without prejudice.

**IT IS SO ORDERED**.

Dated: January 23, 2014

JOSEPH C. SPERO
United States Magistrate Judge